# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Humberto Ariel Cervantes-Sosa,<br><br>    Defendant | Case No.: 2:20-cr-00209-JAD-VCF-1<br><br>**Order Denying Motion for Appointment of Counsel**<br><br>[ECF No. 5] |

   Defendant Humberto Ariel Cervantes-Sosa moves for the appointment of counsel to assist him in seeking early termination of his supervised release. Because the motion for appointment of counsel is procedurally deficient and fails to address the eligibility factors that this court must consider in deciding such a motion, I deny it without prejudice to Cervantes-Sosa's ability to refile a proper one.

   In the appointment-of-counsel motion, counsel notes that she attached a financial affidavit showing that "Cervantes-Sosa cannot afford to hire an attorney at this time."[1] The motion also states that the defendant "seeks leave to file [the affidavit] under seal."[2] Although the motion indicates that the affidavit is attached, it wasn't.[3] Counsel has since supplemented the record with the affidavit under seal.[4] But the filing is still not compliant with this district's local rules, which require that all exhibits filed under seal be accompanied by a motion seeking leave to file them under seal—no such motion was filed here.[5]

---

[1] ECF No. 5.
[2] *Id.*
[3] *See id.*
[4] ECF No. 10.
[5] L.R. IA 10-5. The purpose of motions seeking leave to seal is for the court to "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland*

In addition to the appointment-of-counsel motion's procedural deficiencies, the assertion that Cervantes-Sosa can't afford an attorney is belied by the contents of his financial affidavit, showing that he drives a luxury car, has savings, and earns a significant income.[6] A defendant with such resources is generally not considered financially eligible for court-appointed counsel.[7] So because the motion is conclusory and doesn't analyze why Cervantes-Sosa cannot afford an attorney, I deny it without prejudice to his ability to re-file a properly supported motion in compliance with this district's local rules.

## Conclusion

IT IS THEREFORE ORDERED that Cervantes-Sosa's motion for appointment of counsel **[ECF No. 5] is DENIED without prejudice**. And counsel is **directed to show cause within 14 days** why the court should consider the pending motion for early termination of supervised release [ECF No. 6], which was filed by counsel before demonstrating that Cervantes-Sosa is entitled to court-appointed representation.

_____
U.S. District Judge Jennifer A. Dorsey
July 15, 2022

---

*Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

[6] *See* ECF No. 10. I note that, under his judgment, Cervantes-Sosa owes $43,024.32 in restitution, but his affidavit doesn't appear to reflect a monthly restitution payment. ECF No. 3-3 (sentence reduction). And the motion for appointment of counsel also fails to address this obligation.

[7] *See* L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act of 1964, which is available on the court's website and lists factors that the court must consider in determining whether to appoint counsel). *See also* 18 U.S.C. § 3006A.